UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANA ROMMAN, derivatively on behalf of YUHE INTERNATIONAL, INC.,<br><br>Plaintiff,<br>v.<br><br>ZHENTAO GAO, CHENGXIANG HAN, PETER LI, GREG HUETT, YAOJUN LIU and GANG HU,<br><br>Defendants,<br>and<br><br>YUHE INTERNATIONAL, INC.<br><br>Nominal Defendant. | Case No. 2:11-cv-01178-MMD-CWH<br><br>ORDER<br><br>(Nom. Def.'s Motion to Dismiss – dkt. no. 23) |

Before the Court is Nominal Defendant Yuhe International, Inc.'s Motion to Dismiss. (Dkt. no. 23.) For the reasons discussed below, the Motion is granted.

Plaintiff Lana Romman ("Plaintiff") brought this shareholder derivative action on July 19, 2011, on behalf of nominal defendant Yuhe International, Inc. ("Yuhe") to seek redress for the alleged breach of fiduciary duties in connection with the Company's public disclosures regarding certain acquisitions. On December 17, 2012, Plaintiff's Counsel filed a Motion to Withdraw (dkt. no. 20), because Plaintiff had been out of contact with counsel, despite counsel's repeated and varied attempts to reach her, for over four and one half months and counsel was unable to continue the prosecution of the action without Plaintiff's input. The Court granted the Motion to Withdraw in its Order dated December 18, 2012. (Dkt. no. 21.) To date, Plaintiff has not obtained new counsel or taken any action regarding the prosecution of this case. Nominal Defendant Yuhe

International, Inc. ("Yuhe") now moves to dismiss the Complaint because Plaintiff may not proceed *pro se* in a shareholder derivative action.  Plaintiff did not file an opposition to the Motion.

Initially, the Court notes that under Local Rule 7-2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Thus, the Court may properly grant Yuhe's Motion due to Plaintiff's failure to oppose it. However, the Court finds that the Motion is also properly granted on its merits.

"It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  Accordingly, except in cases where independent statutory authority for self-representation exists, "courts have routinely adhered to the general rule prohibiting *pro se* litigants from pursing claims on behalf of others in a representative capacity." *Id.* (*citing C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). Furthermore, the right to bring a shareholder's derivative suit is that of the corporation; the shareholder is simply the corporation's representative. *Phillips v. Tobin*, 548 F.2d 408, 411 (2nd Cir. 1976). Thus, because a corporation must be represented by counsel, the representative-shareholder must similarly be represented.  *Id.*; see also *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

As Plaintiff is currently unrepresented and has been for some time, the action on behalf of the corporation may not be maintained. Accordingly, Yuhe's Motion is GRANTED and Plaintiff's Complaint is dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to cure.  If counsel does not appear on behalf of Plaintiff within that time, the Court will dismiss the Complaint with prejudice.

IT IS SO ORDERED.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE
Dated: 4/29/2013

2